UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS EARL BROWNLEE,

Plaintiff,

Civil No. 2:26-cv-13792
Hon. Matthew F. Leitman

v.

JOHN CHRISTIANSEN, et al,

Defendants.
____________________________________________/

**ORDER DIRECTING PLAINTIFF TO FILE AN**
**AMENDED COMPLAINT OR FACE PARTIAL DISMISSAL**

Dennis Earl Brownlee is a Michigan inmate at the St. Louis Correctional Facility. Brownlee filed this pro se civil rights complaint under 42 U.S.C. § 1983 asserting that the defendants failed to protect him from being assaulted by other inmates. In its current form, the complaint makes factual allegations with respect to only one of eight defendants. Brownlee must file an amended complaint making specific factual allegations against all named defendants showing how each, personally, violated his constitutional rights or face partial dismissal of his action.

I. Legal Standard

In a separate order, the Court permitted Brownlee to proceed without prepayment of fees. (ECF No. 5.) *See* 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997).

The Prison Litigation Reform Act ("PLRA"), authorizes the Court to dismiss a prisoner's complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327-28).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and internal citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Because Brownlee is proceeding pro se, the Court will construe his pleadings liberally. "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotation marks omitted)).

## II. Background

Brownlee's complaint names eight defendants employed at the St. Louis Correctional Facility: (1) John Christiansen, Warden, (2) Unknown White, ADW, (3) Unknown Goschke, RUM, (4) Unknown Oaks, PC, (5) Unknown Martin, CO, (6) Unknown Franko, CO, (7) Unknown Bailey QMHP, and (8) Unknown Atkins, CO. (ECF No. 1, PageID.2-5.)

Brownlee claims:

> Each Defendant failed to protect Plaintiff after multiple protection requests and claims of his safety being in jeopardy! Defendant(s) continue to place Plaintiff in danger which resulted in Plaintiff being assaulted (twice). Defendants were aware of Plaintiff's safety being at risk and made a conscious decision to not provide proper protection! (Plaintiff has multiple protection requests including several at SLF facility before assault occurred!)
>
> ***
>
> Plaintiff filed multiple protection request from February 2026 to May 2026, and was assaulted by multiple inmates on different occasions! Plaintiff was under 686 Protection Request when assaulted both times!
>
> Carl Johnson 470335 and Reanca 594312 assaulted Plaintiff. Inmates Arie Vink 525048 and inmate Perry Wiggins saw Plaintiff get assaulted.
>
> Multiple corrections officers (C/O Norman) saw what happened!

(*Id.* PageID.7, 9.)

Plaintiff asserts that the two assaults occurred on April 30, 2026, and May 13, 2026. (*Id.* PageID.8.) He asserts that before the second assault "Plaintiff reported he was going to be assaulted again and wrote proper grievances." (*Id.*)

Attachments to the complaint indicate that Brownlee filed a grievance on May 15, 2026, about the second assault in which he stated he "spoke to P/C Loan and C/O Moore about issue!" (*Id.* PageID.18.) The grievance and appeal were denied. (*Id.* PageID.19-21.)

In a second grievance filed the same day, Brownlee asserts that a unit porter told him that "C/O Franko showed him a kite that I wrote him … jeopardizing grievant's safety!" (*Id.* PageID.22.) This grievance and appeal were also rejected. (*Id.* PageID.23-25.)

## III. Analysis

### A. Failure to Protect

The Eighth Amendment requires prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners. To state a failure-to-protect claim, a plaintiff must allege facts satisfying both an objective and a subjective component: (1) the plaintiff faced a substantial risk of serious harm; and (2) the defendant acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The subjective component requires that the defendant knew of and disregarded an excessive risk to the plaintiff's safety. Specifically, the

defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Deliberate indifference requires more than negligence, but it does not require an intent to cause harm or certainty that an assault will occur. *Id.* at 835-36, 842. The relevant question is whether the defendant knew of a substantial risk of serious harm and disregarded it by failing to take reasonable measures to abate it. An official who responds reasonably to a known risk is not liable under the Eighth Amendment, even if the response ultimately fails to prevent the harm. *Id.* at 844-45, 847.

Brownlee alleges that defendant corrections officer Franko disclosed a kite Brownlee had written to another prisoner, thereby jeopardizing Brownlee's safety. (ECF No. 1, PageID.22.) Construing that allegation liberally together with Brownlee's allegations concerning his requests for protection and the inmate assaults, *Erickson*, 551 U.S. at 94, the Court concludes that the complaint sufficiently alleges, at this preliminary stage, that Franko knowingly exposed Brownlee to a substantial risk of serious harm. At a minimum, therefore, the Court will allow the case to proceed on Brownlee's failure-to-protect claim against Franko.

At present, the same cannot be said with respect to the other named defendants. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing each individual defendant's personal involvement in the asserted

constitutional deprivation. Although courts construe pro se complaints liberally, those complaints must still satisfy basic pleading requirements by explaining how each defendant was involved in violating the plaintiff's rights. Merely naming an individual as a defendant, identifying that individual's position, and then alleging constitutional violations by prison officials generally is insufficient. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").

Although Brownlee alleges generally that "[e]ach Defendant" failed to protect him after multiple requests for protection, he supplies no facts connecting any defendant other than Franko to the asserted constitutional deprivation. He does not identify a protection request communicated to any of the other seven defendants, describe circumstances showing that a particular defendant knew of a substantial risk to his safety, or explain how that defendant disregarded the risk.

Instead, he attributes knowledge and inaction to the defendants as a group without factual allegations supporting those assertions as to any particular individual. Even liberally construed, those conclusory allegations do not plausibly allege the personal involvement of Christiansen, White, Goschke, Oaks, Martin, Bailey, or Atkins. *See Iqbal*, 556 U.S. at 678; *Gilmore*, 92 F. App'x at 190.

Accordingly, the current complaint fails to state a failure-to-protect claim against these seven other defendants.

B. Opportunity to File Amended Complaint

In its current form, Brownlee's complaint is subject to partial dismissal under the PLRA with respect to seven of the named defendants. Nevertheless, a pro se prisoner may be granted leave to file an amended complaint to cure pleading deficiencies in a complaint subject to summary dismissal. *See Bass v. Keebaugh*, 2025 U.S. App. LEXIS 27158 (6th Cir. Oct. 17, 2025); *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Federal Rule of Civil Procedure 15 provides that the Court should freely allow a party to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend is appropriate when the proposed amendment would not be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

Here, it is conceivable that Brownlee will be able to file an amended complaint that makes specific factual allegations against the remaining seven named defendants showing how each, personally, violated his constitutional rights by failing to protect him from being assaulted by other prisoners.

## IV. Conclusion

Accordingly, the Court directs Brownlee to file an amended complaint within thirty (30) days of the date of this order that makes specific factual allegations against all named defendants alleging how each, personally, violated his constitutional rights by failing to protect him from being assaulted by other prisoners.[1]

Brownlee is notified that if he fails to show cause or file an amended complaint within thirty (30) days of this order, the case will be dismissed with respect to all defendants except Franko.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 16, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

---

[1] The Court cautions Brownlee that an amended complaint seeking damages should name the defendants in their individual capacities only and not in their official capacities. *See, e.g., Estate of Zakora v. Chrisman*, 44 F.4th 452, 474 (6th Cir. 2022).